UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:04-CR-148 JCM (LRL) |
| Plaintiff(s), | ORDER |
| v. | |
| JEFFREY MICHAEL DONNELLY, | |
| Defendant(s). | |

Presently before the court is petitioner Jeffrey Michael Donnelly's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 42). The government filed a response (ECF No. 44), to which petitioner replied (ECF No. 46).

Also before the court is the government's motion for leave to advise the court of relevant new authority. (ECF No. 45).[1]

**I.   Facts**

On December 22, 2004, petitioner pleaded guilty (without a plea agreement) to one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (ECF No. 27). The PSR calculated petitioner's guideline range as 188 to 235 months and recommended a sentence of 235 months. (PSR at 85, 98).

On April 7, 2005, the court sentenced petitioner to 188 months in custody (low end of the guideline range), followed by five (5) years supervised release. (ECF No. 34). Petitioner was advised of his rights to file an appeal. (ECF No. 34). The court entered judgment on April 18, 2005. (ECF No. 36).

---

[1] As an initial matter, the court grants the government's motion for leave to advise the court of relevant new authority.

**James C. Mahan**
**U.S. District Judge**

In the instant motion, petitioner moves to vacate the sentencing enhancement applied to his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*"), and requests that the court resentence him to 57 months. (ECF No. 42).

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact that the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## III. Discussion

In the instant motion, petitioner requests that the court vacate his erroneous sentencing enhancement pursuant to *Johnson* and resentence him to 57 months. (ECF No. 42). In particular, petitioner argues that his three prior Florida convictions for aggravated assault, robbery, and armed robbery no longer qualify as "violent felonies" for purposes of the fifteen (15) year mandatory minimum sentence under the Armed Career Criminal Act of 1984 ("ACCA"). (ECF No. 42 at 4).

The court disagrees. In *Johnson*, the United States Supreme Court held the residual clause in the definition of a "violent felony" in the ACCA, to be unconstitutionally vague. 135 S. Ct. at 2557. In particular, the Supreme Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

James C. Mahan
U.S. District Judge

- 2 -

18 U.S.C. § 924(e)(2)(B) (emphasis added). The closing words emphasized above have come to be known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56.

*Johnson* is inapplicable here because petitioner was not sentenced under the ACCA's residual clause. More specifically, petitioner's three prior felonies are violent felonies pursuant to the force clause under 18 U.S.C. § 924(e)(2)(B)(i), without resort to the residual clause, because all three felonies have as "an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Under Florida law, an "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla. Stat. § 784.011. In turn, an "aggravated assault" is "an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." Fla. Stat. § 784.021. The Eleventh Circuit has held that Florida felony aggravated assault qualifies as a "violent felony" under the ACCA based on its elements. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013) ("[A] conviction under section 784.021 will always include 'as an element the . . . threatened use of physical force against the person of another,' § 924(e)(2)(B)(i), and Turner's conviction for aggravated assault thus qualifies as a violent felony for purposes of the ACCA.").

Under the plain language of Fla. Stat. § 812.13(1), a "robbery" includes as an element the use of force against a person of another. Specifically, under Florida law, "robbery" is defined as follows:

> [T]he taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the ***use of force***, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1) (emphasis added). The Eleventh Circuit has held that a Florida robbery conviction under § 812.13(1) has as an element, the use, attempted use, or threatened use of physical force against the person of another. *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (finding that defendant's attempted armed robbery conviction under § 812.13(1) qualified as the second predicate offense for the career offender enhancement); *see also In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016) (citing *Lockley* and concluding in an ACCA case

that the defendant's 1991 armed robbery offense has "as an element the use, attempted use, or threatened use of physical force against the person of another"). Furthermore, the Eleventh Circuit recently held that a Florida armed robbery conviction qualifies as a ACCA-violent felony under *Lockley*. *United States v. Seabrooks*, 839 F.3d 1326, 1340–41 (11th Cir. 2016); *see also United States v. Patterson*, No. 15-4112, 2017 WL 1208425, at *4 (6th Cir. Apr. 3, 2017) ("The Eleventh Circuit ruled similarly in clarifying that Florida armed robbery is a violent felony.").

Based on the foregoing and under Florida law, petitioner's prior three felony convictions—aggravated assault, robbery, and armed robbery—are "violent felonies" within the definition set forth under the force clause of the ACCA, without resort to the ACCA's residual clause. Under Eleventh Circuit precedent, a conviction for "aggravated assault" under Fla. Stat. § 784.021 and convictions for "robbery" and "armed robbery" under Fla. Stat. § 812.13(1) include as an element the "threatened use of physical force against the person of another" in accordance with the ACCA's definition of a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). Therefore, *Johnson* is inapplicable to the instant case.

Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 42).

**IV.  Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>         (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>         (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the court declines to issue a certificate of appealability.

**V. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 42) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion for leave to advise the court of relevant new authority (ECF No. 45) be, and the same hereby is, GRANTED.

DATED April 11, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -