UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

JEFFREY MICHAEL DONNELLY,

Defendant(s).

Case No. 2:04-CR-148 JCM (LRL)

ORDER

Presently before the court is defendant Jeffrey Michael Donnelly's "motion for order stating whether court would entertain or grant motion for relief from order denying motion to vacate." (ECF No. 52). Donnelly has requested "expedited treatment" of this motion.

On December 22, 2004, Donnelly pleaded guilty (without a plea agreement) to one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (ECF No. 27). The PSR calculated his guideline range as 188 to 235 months and recommended a sentence of 235 months. (PSR at 85, 98).

On April 7, 2005, the court sentenced Donnelly to 188 months in custody (low end of the guideline range), followed by five (5) years supervised release. (ECF No. 34). He was advised of his rights to file an appeal. (ECF No. 34). The court entered judgment on April 18, 2005. (ECF No. 36).

On June 7, 2016, Donnelly moved to vacate the sentencing enhancement applied to his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requested that the court resentence him to 57 months. (ECF No. 42). On April 11, 2017, this court denied the motion. (ECF No. 48). This court ruled that Donnelly's "prior three felony convictions—aggravated assault, robbery, and armed robbery—are 'violent felonies' within the definition set forth under

the force clause of the ACCA, without resort to the ACCA's residual clause. . . . Therefore, *Johnson* is inapplicable to the instant case." *Id.* at 4.

The instant motion (ECF No. 52) is barely two pages long and simply asks the court to offer an advisory opinion on whether, hypothetically, if Donnelly were to file a motion for relief from this court's previous order (ECF No. 48), the court would entertain the motion. Donnelly indicates that he would like to move for relief because the Ninth Circuit recently issued an opinion in *United States v. Geozos*, No. 17-35018, 2017 WL 3712155 (9th Cir. Aug. 29, 2017), which Donnelly states is contrary to this court's prior holding on the same issues discussed in *Geozos*. (ECF No. 52).

However, the instant motion does not actually move for relief from this court's judgment, but instead simply asks this court to opine on whether it would entertain such a motion *if* Donnelly decides to so move. In other words, the order does not actually request any specific relief from this court except for a declaration of this court's legal opinion on what the court would do about a motion Donnelly has not yet filed. Thus, in essence, Donnlley requests this court to issue an advisory opinion, which Article III prohibits. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998). Specifically, the United States Supreme Court has held, in relevant part, as follows:

> [T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a rule consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Flast v. Cohen*, 392 U.S. 83, 97 (1968).

Therefore, the motion must be denied. To be clear, this order does not answer Donnelly's question in the affirmative or negative—it does not answer the question at all—because to do so here would violate Article III of the United States Constitution.

. . .

. . .

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 2 -

Accordingly,

IT IS HEREBY ORDERED that Donnelly's "motion for order stating whether court would entertain or grant motion for relief from order denying motion to vacate" (ECF No. 52) is DENIED.

DATED September 11, 2017.

                                     /s/ James C. Mahan
                                     UNITED STATES DISTRICT JUDGE